## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMON L. WHEELER,

      Plaintiff,

      v.

BURLINGTON,

      Defendant.

Case No. 25-1177-DDC-BGS

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Damon L. Wheeler filed this action *pro se*.[1]  In conjunction with his federal court

Complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a

motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP"), along with a supporting

financial affidavit.  (Doc. 3, sealed; Doc. 3-1, sealed.)  Plaintiff has also filed what he has titled a

"Motion to Show Cause," wherein he asks that Defendant be required to "show cause under the

circumstances that former employer Burlington [was] in violation of Federal Statue 29 CFR part 525

Americans with Disabilities Act from employer resulting in wrongful termination."  (Doc. 4.)  After

review of Plaintiff's Complaint, the Court **GRANTS** Plaintiff's *IFP* motion (Doc. 3, sealed) and

**DENIES** his motion to show cause (Doc. 4.)

### I.    *IFP* Motion (Doc. 3).

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action

"without prepayment of fees or security therefor, by a person who submits an affidavit that … the

---

[1]  The Court construes Plaintiff's *pro se* filings liberally and holds him to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not assume the role of advocate for the pro se litigant.  *Hall*, 935 F.2d at 1110.

person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the personal and financial information provided by Plaintiff in his affidavit of financial status (Doc. 3-1, sealed), the Court finds that he has shown an inability to pay the filing fee and a belief that he is entitled to relief. The Court also finds that Plaintiff's access to the Court would be severely limited without a grant of *IFP* status. Thus, the Court **GRANTS** Plaintiff's motion to proceed without prepayment of fees (Doc. 3).

## II.    Motion to Show Cause (Doc. 4).

Plaintiff's next filing is his "motion to show cause." (Doc. 4.) As indicated above, Plaintiff therein asks that Defendant be required to "show cause under the circumstances that former employer Burlington [was] in violation of Federal Statue 29 CFR part 525 Americans with Disabilities Act from employer resulting in wrongful termination." (*Id.*)

Simply stated, Plaintiff's motion is improper. A show cause order is a procedural tool a court may use to compel compliance with prior court orders, procedures, or legal requirements. It is defined as a "[c]ourt order, decree, execution, etc., to appear as directed, and present the court such reasons and considerations as one has to offer why a particular order, decree, etc., should not be confirmed, take effect, be executed, or as the case may be." BLACK'S LAW DICTIONARY (6th ed. 1990). Basically, it is the court's way of requiring a party to explain their actions or inaction in a case. It is not, however, a tool available to a party to make a request from another party in a lawsuit. As such, Plaintiff's motion (Doc. 4) is **DENIED**. The Court will, however, consider the facts

alleged in this motion (Doc. 4) when determining whether Plaintiff has sufficiently alleged a federal court cause of action.

When a plaintiff proceeds *IFP*, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2).  The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).

The Court initially had concerns as to the factual sufficiency of Plaintiff's claims, as there are little to no facts alleged in his Complaint.  (*See* Doc. 1, at 3-4.)  When the Complaint is taken in conjunction with the additional facts contained in Plaintiff's motion to show cause (Doc. 4), however, the Court is satisfied that Plaintiff has sufficiently alleged a plausible federal court cause of action for ADA discrimination and/or retaliation for purposes of *IFP* screening under 28 U.S.C. § 1915(e)(2) only.  Nothing in this Order by the undersigned Magistrate Judge will have any impact on the District Court's analysis of the sufficiency of Plaintiff's claim in the context of any dispositive motion that Defendant may choose to subsequently file.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.  The Clerk shall prepare and issue summons to the U.S. Marshal or Deputy Marshal, who are appointed pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that Plaintiff's motion to show cause (Doc. 4) is **DENIED**.

**IT IS SO RECOMMENDED.**

3

Dated August 19, 2025, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge